THE ATTORNEY GENERAL HAS REQUESTED THAT I RESPOND TO YOUR REQUEST FOR AN OFFICIAL OPINION ASKING, IN EFFECT:
 1. DOES THE PENALTY PROVISION OF 74 O.S. 841.18 (1990) APPLY TO ALL PERSONS WHO SPEAK ON BEHALF OF THE PARTIES IN AN APPEAL BEING HEARD BEFORE THE OKLAHOMA MERIT PROTECTION COMMISSION OR DOES IT APPLY ONLY TO STATE EMPLOYEES.
 2. WHEN A REPRESENTATIVE OF A PARTY IN ANY APPEAL TO THE COMMISSION IS NOT UNDER OATH AND IS SPEAKING TO THE COMMISSION DURING A HEARING, IS WHAT THAT INDIVIDUAL SAYS CONSIDERED "TESTIMONY" IN THE CONTEXT OF 74 O.S. 841.18.
IT APPEARS THAT IT IS NOT NECESSARY TO RESPOND TO YOUR INQUIRY BY THE ISSUANCE OF A FORMAL OPINION BECAUSE A CLEAR READING OF THE STATUTE DISCLOSES THE FOLLOWING ANSWERS TO YOUR QUESTIONS.
THE PENALTY PROVISION OF 74 O.S. 841.14 (1990) READS AS FOLLOWS:
 "ANY PERSON WHO FAILS TO APPEAR IN RESPONSE TO A SUBPOENA OR TO ANSWER ANY QUESTION OR PRODUCE ANY BOOKS OR PAPERS PERTINENT TO ANY SUCH INVESTIGATION OR HEARING OR WHO SHALL KNOWINGLY GIVE FALSE TESTIMONY THEREIN UPON CONVICTION SHALL BE GUILTY OF A MISDEMEANOR."
THIS SECTION DOES NOT LIMIT ITSELF ONLY TO STATE EMPLOYEES WHO ARE THE SUBJECT OF THE APPEAL. IT APPEARS TO APPLY TO ALL PERSONS WHO ARE REQUESTED TO PRODUCE THE ITEMS MENTIONED OR WHO ARE QUESTIONED BY THE COMMISSION OR THE EXECUTIVE DIRECTOR AND KNOWINGLY GIVE FALSE INFORMATION.
WHEN A PERSON IS REPRESENTING A PARTY ON APPEAL BEFORE THE COMMISSION HE OR SHE IS BOUND BY THE PROVISIONS OF 74 O.S. 841.18. ANY FALSE REPRESENTATION MADE KNOWINGLY TO THE COMMISSION OR THE EXECUTIVE DIRECTOR IS SUBJECT TO THE PENALTY PROVISIONS OF THE STATUTE. THE STATUTE DOES, HOWEVER, APPLY TO GIVING "FALSE TESTIMONY". TESTIMONY IS DEFINED AS "A FIRSTHAND AUTHENTICATION OF A FACT: EVIDENCE." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1981). ANY PERSON, WHETHER THEY ARE A REPRESENTATIVE, PARTY OR WITNESS, WHO IS PROVIDING FACTS, EVIDENCE OR TESTIMONY, WHICH IS MATERIAL TO THE HEARING, WOULD BE COVERED BY THE STATUTE. OTHER COMMENTS OR ARGUMENTS OF A REPRESENTATIVE, WITNESS OR PARTY WOULD NOT FALL WITHIN THIS STATUTE WHERE THE COMMENTS AND ARGUMENT ARE NOT EVIDENTIARY IN NATURE. FURTHERMORE, IT DOES NOT APPEAR TO REQUIRE THAT THE PERSONS BEING QUESTIONED BE UNDER OATH FOR THIS PROVISION TO APPLY.
(STEVEN SPEARS KERR)